**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4469**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

EDWIN COLON MALDONADO, a/k/a Edwin Maldonado-Cruz, a/k/a
Pablo Castro,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:11-cr-00123-F-2)

Submitted:  August 29, 2014        Decided:  September 4, 2014

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Edwin Colon Maldonado of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2012); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2012); possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2012); and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Maldonado to 123 months of imprisonment, and he now appeals. For the reasons that follow, we affirm.

On appeal, Maldonado argues that the district court erred in admitting expert testimony and evidence of his possession of images of "patron saints" as evidence of connection to drug trafficking. Maldonado contends that the probative value of this evidence was substantially outweighed by its prejudicial effect.

A district court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403). "Prejudice, as used in Rule 403, refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily,

2

an emotional one.'" Id. (citations omitted). We apply "a highly deferential standard of review of such an issue, and a trial court's decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary circumstances, where that discretion has been plainly abused." United States v. Hassan, 742 F.3d 104, 132 (4th Cir. 2014) (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in admitting the evidence.

Maldonado also argues that the district court erred in excluding evidence that the lead detective in the case, who did not testify at trial, had been convicted of obstruction of justice. "We review evidentiary rulings of the district court for abuse of discretion." United States v. Caro, 597 F.3d 608, 633 (4th Cir. 2010) (internal quotation marks and citation omitted). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted). Our thorough review of the record and the relevant legal authorities leads us to the conclusion that there was no abuse of discretion in the district court's evidentiary rulings.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED